UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN AGUIRRE,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | C.A. NO. C-04-275 |
| | § | |
| NUECES COUNTY, TEXAS, et al,<br>    Defendants. | §<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pending before this Court is defendants' Motion for Summary Judgment, filed on March 16, 2005 (D.E. 37). Summary judgment is appropriate only where there is no genuine issue of material fact. Fed. R. Civ. P. 56. "If the nonmovant fails to make a showing on an element for which [s]he bears the burden of proof, the movant is entitled to judgment as a matter of law." *Whelan v. Winchester Prod. Co.*, 319 F.3d 225, 228 (5th Cir. 2003). The Court may consider all pleadings, depositions, affidavits, and other evidence before it, and "[t]he evidence must be viewed in a light most favorable to the nonmovant." *Id.*

### I. FACTS

Plaintiff brings suit against Nueces County and four unnamed prison guards under 42 U.S.C. § 1983, alleging that he was restrained and beaten by four unidentified guards while being held at Nueces County Jail. Defendants move for summary judgment based on plaintiff's inability to identify his alleged attackers and his failure to submit any evidence supporting his claims. Defendants present evidence in the form of medical

records, witness statements by inmates and prison guards, and investigative reports by Nueces County and the FBI. Only one inmate, Michael Paredes, verifies plaintiff's allegations (D.E. 37, exh. 46). Paredes states that he "heard officer Rhoades tell an inmate that #41 pissed him off so he hit him." All other inmates state that they never heard anyone enter plaintiff's cell, nor did they hear any kind of noise indicating that plaintiff was being beaten.

## II. DISCUSSION

### A. *John Doe Defendants*

Defendants move for summary judgment in favor of the John Doe defendants based on the statute of limitations. Section 1983 requires this Court to look to Texas's personal injury limitation period, which is two years. *Moore v. McDonalds*, 30 F.3d 616, 620 (5th Cir. 1994). The events complained of by plaintiff occurred on or about June 1, 2002, and the Original Complaint was filed on May 21, 2004 (D.E.1). However, the individual officers alleged to have beaten plaintiff have not been named as parties to the suit, and plaintiff remains unable to identify them.

At this point in the proceedings, plaintiff will have to seek leave from the Court to amend his complaint and name the individual officers as defendants. FED. R. CIV. P. 15. Because over two years have passed since the alleged beating occurred, the amendment must relate back to the original filing date, or the claims against the individuals will be time barred. Rule 15(c); *see Jacobsen v. Osborne, et al.*, 133 F.3d 315 (5th Cir. 1998).

Defendants correctly argue that under Rule 15(c) an amendment naming a new party will relate back only if plaintiff's failure to name them in the original complaint was due to a mistake. *Jacobsen*, 133 F.3d at 321. The Fifth Circuit has held that, "for a 'John Doe' defendant, there [i]s no 'mistake' in identifying the correct defendant; rather, the problem [i]s not being able to identify that defendant." *Id.* Any attempt by plaintiff to amend his complaint by replacing the John Doe defendants with named individual officers will be futile because Rule 15(c) will not allow relation back, and all future § 1983 claims he might assert against these individuals will be time barred. *See id.* at 321-22.

### B. Nueces County

Defendant Nueces County seeks summary judgment in its favor based on plaintiff's failure to present any evidence of an inadequate training or hiring policy.[1] Plaintiff argues that he is unable to do so because he has not been allowed to conduct any discovery. He therefore asks this Court to either deny Nueces County's motion or continue its consideration until plaintiff can conduct adequate discovery.

> To obtain a continuance of a motion for summary judgment in order to obtain further discovery, a party must indicate to the court by some statement, preferably in writing (but not necessarily in the form of an affidavit), why he needs additional discovery and *how* the additional discovery will create a genuine issue of material fact. The nonmoving party

---

[1] Nueces County will be held liable under § 1983 only if plaintiff shows that "(1) the training or hiring procedures of the municipality's policymaker were inadequate, (2) the municipality's policymaker was deliberately indifferent in adopting the hiring or training policy, and (3) the inadequate hiring or training policy directly cause the plaintiff's injury." *Baker, et al. v. Putnal, et al.*, 75 F.3d 190, 200 (5th Cir. 1996).

"may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts."

*Leatherman, et al. v. Tarrant County Narcs. Intell. & Coord. Unit, et al.*, 28 F.3d 1388, 1395 (5th Cir. 1994) (citations omitted).

The *Leatherman* court upheld summary judgment for the defendants, finding no abuse of discretion by the district court. *Leathermen*, 28 F.3d at 1395-96. In that case, the plaintiffs moved for a Rule 56(f) continuance less than two weeks after defendants moved for summary judgment, stating that they did not have a reasonable opportunity for discovery. *Id.* at 1391. In addition, the defendants moved for a protective order in response to the plaintiffs' request for their search warrant policy. However, the plaintiffs failed to indicate how further discovery would help them. *Id.* at 1395. Consequently, the Fifth Circuit upheld summary judgment. *Id.* at 1395-96.

In its reply, Nueces County argues that plaintiff has had sufficient opportunity for discovery, stating that plaintiff had opportunities to view videotapes and interview inmates. In addition, Nueces County argues that it provided plaintiff with "every wtiness statement and every report generated by Nueces County related to the alleged beating. There is no other discovery Nueces County can offer" (D.E. 41, p. 5, ¶ 1.18). This Court limited plaintiff's discovery when it signed a protective order on September 8, 2004. The Court ordered that "no further discovery be conducted until the defendant's counsel deposed the plaintiff" (D.E. 17). However, Aguirre was deposed, so the protective order is no longer in effect. In addition, plaintiff states only that he needs additional discovery

and does not articulate why or how it will help him. Consequently, consideration of the Motion for Summary Judgment will not be continued. In addition, this Court finds that plaintiff has failed to present any evidence of an inadequate training or hiring policy in Nueces County.

### C. *Sheriff Larry Olivarez*

Sheriff Olivarez seeks summary judgment based on plaintiff's failure to provide the names of the officers involved in the incident, any evidence that the beating occurred, or any evidence of a failure train or supervise Nueces County prison guards. For him to be liable under § 1983, plaintiff must show that "(1) the police chief failed to supervise or train the officer, (2) a causal connection existed between the failure to supervise or train and the violation of the plaintiff's rights, and (3) such failure to supervise or train amounted to gross negligence or deliberate indifference." *Baker*, 75 F.3d at 199. It is undisputed that Sheriff Olivarez was not personally involved in plaintiff's alleged beating, and this Court finds that plaintiff has failed to present any evidence of a failure to train or supervise.

### III. CONCLUSION

Over one year after filing his complaint, plaintiff remains unable to identify his alleged attackers, and all future § 1983 claims against these unnamed individuals are time barred. In addition, plaintiff has submitted no evidence of an inadequate training or hiring policy in Nueces County, nor has he presented evidence of a failure to train or

supervise by Sheriff Olivarez. Accordingly, defendants' Motion for Summary Judgment is GRANTED, and all claims are DISMISSED with prejudice.

ORDERED this _____31_____ day of _____Jan_____, 2006.

_____
HAYDEN HEAD
CHIEF JUDGE